UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **MERL SIMPSON**, <br> Defendant. | Case No. 16-cr-00292-YGR-2 <br><br> **ORDER TO SHOW CAUSE RE: MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** <br><br> Re: Dkt. No. 89 |

On August 6, 2018, defendant Merl Simpson filed a Motion under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. No. 89-2 ("Motion")) In the Motion, defendant seeks to reduce his sentence in light of two United States Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Motion at 14-23)[1] Defendant further argues that his trial counsel rendered ineffective assistance in failing to object to certain guidelines calculations and enhancements, (*id.* at 23-28) that this ineffective assistance rendered his guilty plea flawed, (*id.* at 28-32) and that the Court erred in imposing a sentence relating to a crime to which he did not stipulate. (*Id.* at 32-38.) Finally, defendant claims that he is not procedurally barred from raising these claims in the Motion, (*id.* at 35-36) that "Amendment 794 is applicable to him," (*id.* at 36) and requests appointment of counsel. (*Id.* at 36-36.)

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA), motions brought under 28 U.S.C. section 2255 are subject to a 1-year period of limitations. Under 28 U.S.C. section 2255(f), the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[1] Page citations to the record refer to ECF pagination.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Based on an initial review, the Motion does not meet the first defined period that it be filed within one year of the date on which the judgment of conviction becomes final. Section "2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Final Judgment in this criminal matter was issued on May 3, 2017.[2] (Dkt. No. 57.) Under Fed. R. App. P. 4(b)(1)(A), defendant had 14 days from either the date of judgment or the filing of a government's notice of appeal to file his own notice of appeal with the Court. No notices of appeal were received from the defendant or plaintiff. Therefore, the one-year limitation period began on May 17, 2017, and subsequently ended on May 17, 2018. Defendant filed the Motion nearly three months after this date, on August 6, 2018. (Dkt. No. 89.) Accordingly, the Motion was not filed within one year of the date on which the judgment of conviction became final.

The Motion on its face is otherwise silent as to the other three defined limitations periods, and as to the reasoning for defendant's delay in filing a motion pursuant to section 2255 beyond the one-year period after the judgment became final. (Motion at 10-11)

---

[2] The Court amended the judgment on October 12, 2018 due to a clerical error on page 8 of the original judgment. (Dkt. No. 93) Because the amendment only corrected a clerical error, the original judgment date controls for purposes of the one-year limitation established by section 2255. *See Brownlee v. Rommoro*, 1:14-cv-01990-LJO-SAB HC, 2015 WL 1013154, at *4 (E.D. Cal. Mar. 6, 2015) (collecting cases, noting that the Ninth Circuit and several "other federal courts have also held that an amended judgment that corrects a clerical error in the original judgment does not begin the one-year limitations period anew"). *See also United States v. Greer*, 79 Fed. App'x 974, 974-75 (9th Cir. 2003) (unpublished disposition) ("Because the amended judgment did not substantively change the sentence imposed and added no new basis for appeal, it did not affect the finality of the original judgment.").

2

Accordingly, defendant is **HEREBY ORDERED TO SHOW CAUSE** why the Motion should not be denied as time barred. Defendant is **ORDERED** to respond by **Monday, January 6, 2020** to the following:

(1) explain why the one-year statute of limitations does not bar the Motion;

(2) provide any explanation for his delay in filing the Motion beyond the one-year period after the judgment became final; and

(3) demonstrate that such a delay is attributable to "extraordinary circumstances." *See United States v. Battles*, 362 F.3d 1195, 1196-98 (9th Cir. 2004) (statute of limitations set forth by statute can be equitably tolled for section 2255 motions where extraordinary circumstances are demonstrated).

Failure to respond to this Order by the above date will result in the Court denying the Motion as time barred.

**IT IS SO ORDERED.**

Dated: October 24, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge