| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **MERL SIMPSON**, Defendant. | Case No. 16-cr-00292-YGR-2 **ORDER CONTINUING ORDER TO SHOW CAUSE RE: MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** Re: Dkt. No. 115, 118 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

The Court has reviewed the response filed by Merl Simpson (Dkt. No. 118) in response to the Court's prior Order to Show Cause why the motion should not be denied as time barred. (Dkt. No. 115.) Simpson avers that "extraordinary circumstances" exist here such that the statute of limitations for his section 2255 motion should be equitably tolled. *See United States v. Battles*, 362 F.3d 1195, 1196-98 (9th Cir. 2004) (statute of limitations set forth by statute can be equitably tolled for section 2255 motions where extraordinary circumstances are demonstrated). Specifically, Simpsons identifies one basis for extraordinary circumstances: his transfer to another facility during the one-year period in compliance with a subpoena from a then ongoing grand jury proceeding. (Dkt. No. 118 at 1.) In support of this basis, Simpson attaches a declaration from his prior counsel, Edward Swanson, noting that Simpson was summoned to a grand jury proceeding in early March 2018 and that he lost his paperwork when he was moved from USP Atwater to Santa Rita County Jail. (Dkt. No. 118 at 4-6; *see also* Dkt. No. 83.) Swanson's declaration also notes that Simpson had been trying to obtain plea and sentencing transcripts since October 2017 but only recently received these documents days before he was moved to Santa Rita County Jail. (*Id.*) The Court notes that the docket in this criminal matter reflects letters received from Simpson to the Office of the Clerk of the Court. (*See* Dkt. No. 77 (Motion for Request of Copy of Transcripts); Dkt. No. 81 (Letter re Preparation for 2255 Motion).)

Equitable tolling is only appropriate when "external forces" account for petitioner's failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Movant bears

the burden of establishing that he is entitled to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The petitioner must also show a "causal link" between the extraordinary circumstances and the untimeliness of the § 2255 motion. *United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011). A petitioner's pro se status, on its own, is not enough to warrant equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling is very high.'" *Spitsyn v. Moore*, 345 F. 3d. 796, 799 (9th Cir. 2003) (citing *Miranda v. Castro*, 292 F. 3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted) ). When equitable tolling applies, its effect is to suspend the running of the statute of limitations. *Benge v. U.S.*, 17 F.3d 1286, 1289 (10th Cir. 1994). The application of equitable tolling does not mean that the limitations period begins over again. *Id*.

Here, Simpson has identified a few potential grounds for extraordinary circumstances, but fails to provide sufficient evidence in support of these grounds. First, with respect to the delay caused by the transfer to Santa Rita County Jail, Simpson does not identify the length of the delay attributable to the move (in other words, identifying the dates in which he was transferred to Santa Rita County Jail and the date he was transferred from Santa Rita County Jail), nor does he explain why he could not have filed his motion prior to the transfer to Santa Rita County Jail. *See United States v. Acosta*, Nos. CV–12–00367–PHX–ROS (MEA), CR–07–00871–PHX–ROS, 2013 WL 819839, at *2 (D. Ariz. Mar. 5, 2013) ("Defendant argues the statute of limitations should be equitably tolled because he was transferred from one prison to another in October 2011 and lacked access to his legal papers until February of 2012. Defendant has not explained why he could not have filed his Motion prior to his October 2012 transfer.").

Second, should Simpson argue that extraordinary circumstances exist because of a delay attributable to his obtaining transcripts, Simpson is required to demonstrate the requisite causation

2

– i.e., that the lack of access to these documents made it impossible for him to timely file a habeas petition. *See Villarreul v. McDonald*, No. CV 10–7176 JST (FMO), 2011 WL 4499915 at *6 (C.D. Cal. June 27, 2011) ("[P]etitioner has failed to demonstrate the requisite causation, i.e., that lack of access to his property made it impossible for him to timely file a federal habeas petition. . . . For example, petitioner fails to specify what property he needed or why he needed any particular piece of property in order to prepare and file his Petition."). In the context of transcripts specifically, Simpson is required to answer "why these transcripts are necessary for the preparation of his motion. Without such an explanation, this Court can hardly conclude that the fact he allegedly does not have all of the transcripts of proceedings related to his conviction and sentence is an 'extraordinary circumstance.'" *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997). Additionally, Simpson is required to show his diligence in attempting to obtain transcripts that were necessary for his 2255 motion.

Accordingly, the Order to Show Cause is **CONTINUED** to June 23, 2020. Simpson is **ORDERED** to respond by **Tuesday, June 23, 2020** to the following, identifying any and all evidence, including potential evidence, in the event the Court holds an evidentiary hearing:

(1) <u>With respect to the relocation to and from Santa Rita County Jail</u>: demonstrate that Simpson's efforts constitute due diligence, identify the length of the delay, including identifying the dates of relocation to and from Santa Rita County Jail, and provide an explanation as to why Simpson could not have filed the motion prior to the relocation; and

(2) <u>With respect to the transcripts</u>: demonstrate that Simpson's efforts constituted due diligence, and that the lack of these documents made it impossible for Simpson to file a habeas petition, including why the transcripts were necessary for the preparation of his motion.

Simpson is cautioned that failure to file a response making the showing described in this Order may result in a finding that equitable tolling should not apply in this case.

**IT IS SO ORDERED.**

Dated: March 23, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**